[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12264
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00205-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN HOYT HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2021)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Glenn Hoyt Harrison appeals his 41-month sentence, imposed at the low end of the advisory sentencing guidelines range, for theft of government property, in violation of 18 U.S.C. § 641, related to Harrison withdrawing and spending monthly Social Security benefits that his deceased mother received from the government into her bank account for more than a decade after she passed away. On appeal, Harrison argues that the district court committed plain error by imposing a sentence conditioned on his inability to pay restitution, in violation of his Fifth Amendment equal protection rights. He also argues that his sentence is substantively unreasonable because the district court gave significant weight to his inability to pay restitution, an impermissible sentencing factor. For the reasons below, we affirm, addressing each of Harrison's points in turn.

I.

A constitutional challenge raised for the first time on appeal is reviewed for plain error. *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009). Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). An error is not plain unless the explicit language of a statute or rule specifically resolves the issue or there is precedent from the Supreme Court or

2

Eleventh Circuit directly resolving it. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Although the Fifth Amendment does not contain an equal protection clause, the Supreme Court has recognized that discrimination may be so unjustifiable as to violate due process. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

"[I]t violates equal protection principles to incarcerate a person 'solely because he lacked the resources to pay' a fine or restitution." *United States v. Plate*, 839 F.3d 950, 955–56 (11th Cir. 2016) (quoting *Bearden v. Georgia*, 461 U.S. 660, 668 (1983), and citing *Williams v. Illinois*, 399 U.S. 235 (1970), and *Tate v. Short*, 401 U.S. 395 (1971)). To establish that a substantial right was violated, a defendant must show a reasonable probability that he would have received a lesser sentence in absence of the issue, i.e., "a probability 'sufficient to undermine confidence in the outcome.'" *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Consideration of an improper sentencing factor does not affect a defendant's substantial rights when proper factors were the "primary considerations" driving a sentence and the improper consideration was "only a minor fragment of the court's reasoning." *United States v. Vandergrift*, 754 F.3d 1303, 1312 (11th Cir. 2014)

3

(quoting *United States v. Bennett*, 698 F.3d 194 (4th Cir. 2012)). Furthermore, if the effect of an error "is uncertain" and we cannot assess which, if either, side it helped, then the party with the burden loses. *See Rodriguez*, 398 F.3d at 1300 (discussing a defendant's failure to satisfy prejudice prong of plain error test).

For example, in *Plate*, the defendant argued that the district court violated her constitutional rights by conditioning her liberty on her ability to pay restitution in full. 839 F.3d at 956. At sentencing, the district court stated that it would have sentenced the defendant to probation but for her inability to pay restitution prior to sentencing. *Id.* at 954. After imposing a sentence, the district court also stated that if her restitution is paid, the district court would "immediately convert" the prison term to probation. *Id.* at 954–55. In analyzing the defendant's constitutional claim, we acknowledged that the defendant was treated more harshly in her sentence than if she had access to more money, which is unconstitutional. *Id.* at 956 (noting the "well established" principle that "the Constitution forbids imposing a longer term of imprisonment based on a defendant's inability to pay restitution" (quoting *United States v. Burgum*, 633 F.3d 810 (9th Cir. 2011))). We ultimately held that the defendant's sentence was substantively unreasonable because the district court gave "significant (indeed *dispositive*) weight to [the defendant's] inability to pay restitution" at sentencing. 839 F.3d at 957 (emphasis in original).

Here, we review Harrison's Fifth Amendment-based claim for plain error because Harrison did not object before the district court that his sentence was unconstitutional. *Bobb*, 577 F.3d at 1371. Reviewing the record, we conclude that the district court did not err because it did not base Harrison's sentence solely on his inability to pay restitution. *See Plate*, 839 F.3d at 955–56. While the district court did comment on Harrison's inability to pay, it also discussed other matters relating to Harrison in its sentencing decision, including his extensive criminal history, his repeated violations of probation or community control, how long his present offense conduct continued, and the large amount of funds he received.

Additionally, even if the district court erred, we conclude that the error was not plain because there is no case from the Supreme Court or Eleventh Circuit directly on point holding that the sentence the district court imposed violated Harrison's equal protection rights. *Lejarde-Rada*, 319 F.3d at 1291; *Moriarty*, 429 F.3d at 1019. Harrison also cannot show that any error, even if plain, affected his substantial rights because there is no indication that the district court would have imposed a lesser sentence if he had, if fact, been able to make restitution. *Rodriguez*, 398 F.3d at 1299. Indeed, the district court, when sentencing Harrison, noted that it considered all the sentencing guidelines and all of the factors in 18 U.S.C. § 3553(a), that Harrison had not complied with his conditions of pretrial supervision, that Harrison committed the offense while he was on probation, that the offense had

5

occurred for "a significant period of time," and that Harrison had 21 criminal history points. Thus, unlike *Plate*, the district court did not solely base its sentencing decision on Harrison's inability to pay restitution, and the district court did not plainly err.

## II.

We review a sentence's substantive reasonableness under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A criminal defendant preserves the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

A defendant's inability to pay restitution is an impermissible sentencing factor, insofar as it is not listed among the factors listed in § 3553(a). *Plate*, 839

F.3d at 957.  In *Plate*, we held that the defendant's sentence was substantively unreasonable because the district court gave significant, indeed dispositive, weight to the defendant's inability to pay restitution at sentencing.  *Id.*  The district court also admitted on a prior remand that the outstanding restitution was a motivating factor in its original sentencing decision.  *Id.*  We explained that restitution is not irrelevant under § 3553 because the district court must consider the "need to provide restitution to any victims of the offense."  *Id.* at n.6. (quoting 18 U.S.C. § 3553(a)(7)).  This consideration, however, "is not the same thing as saying the court may sentence the defendant to prison *solely* because she was unable to pay the restitution in full."  *Id.* (emphasis in original).  While the district court emphasized the seriousness of the defendant's offense and saw no reason to depart from the guidelines, we found that the record unambiguously showed the district court would have imposed a sentence of no further incarceration if the defendant had been able to pay the restitution at or before the sentencing hearing.  *Id.* at 958.  As such, we concluded that the district court abused its discretion in giving significant weight to the defendant's inability to pay as a factor in the sentence imposed and, indeed, imposing a prison term based solely on that factor.  *Id.*

Procedurally, Harrison sought a lesser sentence from the district court prior to sentencing—home confinement—and at sentencing, he asked for only thirteen months, if the district court was inclined to require incarceration.  He also objected

7

to consideration of his inability to pay restitution.   Thus, we will deem his substantive reasonableness challenge preserved.  *Holguin-Hernandez*, 140 S. Ct. at 766–67.

Nevertheless, the district court here did not abuse its discretion because it did not give significant weight to Harrison's inability to pay restitution at sentencing. As noted above, the district court, in sentencing Harrison, stated that (1) it had considered all the sentencing guidelines and all of the factors in 18 U.S.C. § 3553(a), (2) Harrison had not complied with his conditions of pretrial supervision, (3) Harrison committed the subject offense while he was on probation, (4) the offense had occurred for "a significant period of time," and (5) Harrison had 21 criminal history points, i.e., an extensive criminal history.  We thus conclude that Harrison's 41-month sentence is not substantively unreasonable.  *Irey*, 612 F.3d at 1189*; Plate*, 839 F.3d at 958.

Accordingly, we affirm.

**AFFIRMED.**